**WO**                                                                                           BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Joseph Amara, | No. CV 05-2684-PHX-SMM (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

In this civil rights action brought by a *pro se* jail inmate, Defendant moved to dismiss (Doc. #13) for lack of exhaustion. Plaintiff responded (Doc. #15) and Defendant replied (Doc. #23). Plaintiff then filed a second response (Doc. #25), which Defendant has moved to strike (Doc. #27). After careful review of these pleadings and the record, the Court will deny Defendant's Motion to Strike and grant Defendant's Motion to Dismiss.

**I. Background**

Plaintiff filed a 42 U.S.C. § 1983 action against Defendant Joseph Arpaio, alleging that his constitutional rights were violated by (1) overcrowding, (2) unsanitary conditions, and (3) an inadequate and tainted diet (Doc. #1). Defendant Arpaio was ordered to answer the Complaint and subsequently filed a Motion to Dismiss (Docs. ## 9, 13). Defendant argued that Plaintiff failed to exhaust his administrative remedies because he filed no grievances (Doc. #13). Attached to the motion were (1) the Maricopa County Inmate Grievance Procedures and (2) an affidavit of Susan Fisher, a Hearing Officer for inmate discipline and grievances (Id.).

Plaintiff responded and conceded that he did not exhaust his administrative remedies (Doc. #15). Plaintiff argued, however, that he should be excused because the detention officers refused him forms (Id.). Plaintiff asserted that he is currently attempting to exhaust his administrative remedies (Id.). Plaintiff submitted letters supporting his allegations regarding his current attempts to exhaust (Docs. ##15, 17, 24). Notably, Plaintiff's letters were sent after he was transferred to the Arizona Department of Corrections, and are not on inmate grievance forms (Id.). Maricopa County Sheriff's Office's Inmate Legal Services has responded to the letters and indicated that because Plaintiff is no longer in Maricopa County custody, they cannot assist him (Id.).

Defendant replied that because Plaintiff is no longer in Maricopa County custody, the administrative remedy process is no longer available (Doc. #23 at 4). Attached to the reply was an affidavit of Sergeant Zelean Tademy, assigned to the Inmate Hearing Unit (Doc. #23). Plaintiff responded to Defendant's reply, again arguing that the detention officers failed to provide forms and that he is currently seeking to exhaust (Doc. #25). Defendant has moved to strike the response (Doc. #27). Defendant's motion to strike will be denied.

**II. Legal Standard**

Pursuant to 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act, a prisoner may not bring a lawsuit with respect to prison conditions under 42 U.S.C. § 1983 unless all available administrative remedies are exhausted. See Roles v. Maddox, 439 F.3d 1016, 1017 (9th Cir. 2006). Moreover, Plaintiff must first exhaust available administrative remedies *before* bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047,1050 (9th Cir. 2006). Exhaustion is mandated "regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001). It is required in all inmate suits regarding prison life. Porter v. Nussle, 534 U.S. 516, 523 (2002). To be "properly exhausted," the prisoner "must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 126 S.Ct. 2378, 2384 (2006).

1  Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt
2  v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The Court considers exhaustion as a matter
3  of abatement in an unenumerated Federal Rule of Civil Procedure 12(b) motion and "may
4  look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. The Court has
5  broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l
6  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988). The proper
7  remedy when a "prisoner has not exhausted nonjudicial remedies . . . is dismissal of the claim
8  without prejudice." Wyatt, 315 F.3d at 1120.

**III.  Analysis**

According to the documents attached to the Motion to Dismiss, an inmate should seek to resolve a conflict through the Maricopa County Jail System's Inmate Grievance Procedures. Specifically, an inmate who wishes to file a grievance will be provided a Grievance Form upon request, and must submit the form to a detention officer. The unresolved grievance is forwarded to the shift Supervisor, and then to the Hearing Officer. If the Hearing Officer is unable to resolve the grievance, the inmate may appeal his decision to the jail commander, whose decision may be appealed to an External Referee. The External Referee's decision is final. See Doc. #13, ex. 1.

Fisher attested that Plaintiff did not file any inmate grievances prior to filing the instant Complaint (Doc. #13, ex. 2 at ¶¶4-5). Tademy attested that inmates are not limited in what they may grieve, detention officers pass out grievance forms on a daily basis, and the Hearing Unit has received many grievances on the issues of overcrowding and diet (Doc. #23, ex. 1 at ¶¶3-5).

Defendant has demonstrated that there exists a grievance procedure to which Plaintiff failed to avail himself. Plaintiff's allegations that unnamed detention officers refused to provide him grievance forms is insufficient to support an allegation that Plaintiff was "reliably informed" that there were no available remedies. Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). Moreover, Plaintiff must exhaust his remedies *before* filing a Complaint. See Vaden, 449 F.3d at 1050. Thus, Plaintiff's current attempts to exhaust are

1 not relevant to the instant action. Accordingly, because Plaintiff failed to exhaust
2 administrative remedies *before* filing the instant action, Defendant's Motion to Dismiss will
3 be granted.[1]

4 **IT IS ORDERED:**

5 (1) Defendant's motion to Strike (Doc. #27) is **denied**.

6 (2) Defendant's Motion to Dismiss (Doc. # 13) is **granted**. Plaintiff's action is
7 dismissed without prejudice for lack of exhaustion.

8 (3) The Clerk of Court shall enter a judgment of dismissal accordingly.

9 DATED this 27th day of September, 2006.

_____
Stephen M. McNamee
United States District Judge

---

[1] Defendant argues that Plaintiff may not exhaust because he is no longer in Maricopa County custody. Although this Court need not address this argument at this junction, such argument might lead to a conclusion that there are no available remedies. See Brown, 422 F.3d at 934-35.

- 4 -